IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 29, 2002

## STATE OF TENNESSEE v. TINA CUNNINGHAM

**Appeal from the Circuit Court for Blount County**
**Nos. C-7704, 7773, 11640, and 11753     D. Kelly Thomas, Jr., Judge**

---

**No. E2002-00571-CCA-R3-CD**
**December 13, 2002**

---

The defendant, Tina Cunningham, was convicted of two counts of introduction of contraband into a penal facility. The trial court imposed a six-year sentence and granted immediate probation. Later, the trial court extended the original six-year sentence by two years when the defendant was convicted of two counts of forgery, but permitted the defendant to remain on probation. The trial court imposed an effective sentence of four years for the forgery convictions, to be served on probation and consecutively to the sentence for introduction of contraband into a penal facility. At some point, the trial court ordered the defendant to complete a drug program. When she failed to do so, the trial court revoked the defendant's probation and ordered her to serve the balance of her sentence in a community corrections program. When the defendant failed to comply with the requirements of the program, the trial court revoked the community corrections sentence and ordered the defendant to serve the balance of her sentence in the Department of Correction. In this appeal as of right, the single question presented for our review is whether the trial court erred by ordering the defendant to fully serve the balance of her sentence. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOE G. RILEY and ROBERT W. WEDEMEYER, JJ., joined.

Mack Garner, District Public Defender, for the appellant, Tina Cunningham.

Paul G. Summers, Attorney General & Reporter; Braden H. Boucek, Assistant Attorney General; and Tammy Harrington, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

On November 22, 1994, the defendant entered pleas of guilt to two counts of introduction of contraband into a penal facility. See Tenn. Code Ann. § 39-16-201. In June of 1995, the trial court imposed concurrent sentences of six years for each conviction and granted probation. In June of 1999, the defendant pled guilty to two counts of forgery and received an effective sentence of four

years, to be served on probation and consecutively to the 1995 sentences. As a result of the June 1999 plea, a probation violation warrant was issued for the 1995 charges. The trial court did not revoke the defendant's probation, but extended her six-year sentence by two years. Later, a warrant was filed alleging that the defendant had failed to comply with the terms of her probation. As a result, the trial court ordered the defendant to complete a drug program. When the defendant failed to do so, the trial court revoked the probation and ordered the defendant to serve the balance of her sentence in community corrections. A warrant was filed in September of 2001 alleging that the defendant had failed to comply with her community corrections sentence.

At the revocation hearing that resulted in the order of incarceration, Pat Ballard, supervisor of the Blount County Community Corrections program, testified that the defendant was placed in community corrections when she failed to comply with the terms of the drug program. Thereafter, the defendant failed to pay court costs and fees in a timely manner and had to be sent to Methodist Hospital for detoxification from hydrocodone. When the defendant missed two weeks of mandatory group meetings and admitted to Ms. Ballard that she continued to use hydrocodone, Ms. Ballard informed the defendant that she would have to "do six weekends in jail."

Two months later, Ms. Ballard learned that the defendant had not yet reported to serve any of her jail term. When confronted, the defendant claimed that she had reported to the jail "several" times but was turned away on all but one occasion because there was no record of her required sentence. The defendant also claimed that she had failed to serve the weekends in jail because her husband, who had been charged with domestic violence, was not living at home, leaving no one to watch her children on the weekends. After investigating further, Ms. Ballard learned that the defendant had been untruthful about the absence of her husband.

Nevertheless, Ms. Ballard agreed that if the defendant would report to serve weekends in jail, she would not recommend revocation of the community corrections sentence. Yet again, the defendant failed to report to jail and also failed to attend mandatory group meetings. At the revocation hearing, Ms. Ballard recommended a sentence of split confinement, suggesting that a combination of incarceration and drug treatment was necessary because "it's [not] possible for [the defendant] to stay sober in the environment in which she is living."

The defendant, who had a lengthy criminal history, admitted that she had violated the terms of her community corrections sentence by using hydrocodone, missing mandatory meetings, and failing to report for the six weekends in jail. She acknowledged that she had violated all of her sentences involving release into the community. The defendant simply asked the court for mercy, asserting that she needed to stay out of jail in order to take care of her five minor children and her elderly father.

The trial court characterized the violations as "examples of a long pattern of violating the law and violating the rules of release." After observing that the defendant had been "given more and more chances because of . . . different people thinking mistakenly that [she] ought to have another chance," the trial court ordered a sentence of confinement, concluding that the defendant's potential

for rehabilitation was "very low." The trial court also pointed out the futility of "making new rules and giving [the defendant] a chance to follow them."

The defendant concedes that the trial court properly revoked her community corrections sentence, but argues that the trial court erred by ordering her to serve the balance of her sentence in confinement. The defendant contends that she should have received a sentence of split confinement.

Our general law provides that a trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e) (Supp. 2001); Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). On appeal, a revocation will be upheld absent an abuse of discretion. In order to establish that the trial court has abused its discretion, the defendant must show that there is no substantial evidence to support the determination that he violated his probation. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991) (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978)); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). Relief can be granted only when "'the trial court's logic and reasoning were improper when viewed in the light of the factual circumstances and the legal principles involved.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

In this instance, the defendant has been unable to establish that the trial judge did not exercise a conscientious and intelligent judgment. See State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). The defendant conceded that she had violated the terms of her community corrections sentence and had relapsed into drug use. Tennessee law provides that, upon a finding that the defendant has violated the terms of probation, a trial court may order that the defendant be incarcerated for the remainder of his sentence. Tenn. Code Ann. §§ 40-35-310, -311(e) (Supp. 2001). The trial court's determination that the defendant serve a sentence of incarceration will not be overturned absent an abuse of discretion. See Harkins, 811 S.W.2d at 82.

Because the defendant acknowledged that she had continued to use drugs during her release and because she was unsuccessful in meeting the terms of her probation or community corrections sentences, the trial court did not abuse its discretion by ordering incarceration.

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-3-